**Clarence W. MAYO and Joyce Mayo, Petitioners,**

v.

**NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, a Colorado corporation, Respondent.**

No. 91SC233.

Supreme Court of Colorado, En Banc.

July 20, 1992.

John Gehlhausen, P.C., John Gehlhausen, Darla Scranton Specht, Lamar, for petitioners.

Makris, Hunsaker, Towey and Melonakis, P.C., William J. Hunsaker, Michael S. Keilly, Denver, for respondent.

Wilcox, Ogden & Cox, P.C., Ralph Ogden, Denver, for amicus curiae Colorado Trial Lawyers Ass'n.

Zupkus & Ayd, P.C., Stefan Kazmierski, Denver, for amicus curiae Colorado Defense Lawyers Ass'n.

Justice LOHR delivered the Opinion of the Court.

We granted certiorari to determine whether section 10–4–418(2)(b), 4A C.R.S. (1987), which authorizes household exclusion clauses in automobile liability insurance policies, violates the equal protection clauses of the United States and Colorado Constitutions. In general, a household exclusion clause excludes coverage for claims asserted by a member of a household against another member of the same household. *See id.* After an automobile accident, National Farmers Union Property and Casualty Company (National) brought a declaratory judgment action against its insureds, Clarence W. Mayo and Joyce Mayo, to determine whether Joyce Mayo's negligence claim against Clarence Mayo for bodily injuries sustained in the accident were covered under their policy. The Mayos' policy contained a household exclusion clause.

The district court determined that the statute authorizing household exclusion clauses is consistent with equal protection requirements and granted summary judgment for the insurer. The court rejected the Mayos' contention that the classifications created by the statute unconstitutionally impair their fundamental right to travel. The district court also rejected certain other defenses presented by the Mayos that were not based on constitutional grounds. The Colorado Court of Appeals affirmed, but declined to review the equal protection issue because it lacked jurisdiction to do so.[1] *National Farmers Union Property & Casualty Co. v. Mayo*, No. 89CA1903 (February 7, 1991) (not selected for publication). We granted certiorari to address that issue and now affirm the district court's judgment for National.

---

1. § 13–4–102(1)(b), 6A C.R.S. (1987), excludes from the initial jurisdiction of the court of appeals "[c]ases in which the constitutionality of a statute, a municipal charter provision, or an ordinance is in question." The court of appeals relied on this statutory provision in declining to consider the Mayos' equal protection argu- ments. *National Farmers Union*, No. 89CA1903, slip op. at 3 (February 7, 1991) (not selected for publication). Subsequently, in 1992, the General Assembly amended § 13–4–102(1)(b) to exclude from the initial jurisdiction of the court of appeals only those "[c]ases in which a statute, a municipal charter provision, or an ordinance

I.

We derive the following facts from the record developed in the district court. Clarence and Joyce Mayo are husband and wife and are members of the same household. They insured their pickup truck under an automobile liability insurance policy issued by National. On September 6, 1987, Clarence Mayo was driving the vehicle, with Joyce Mayo as his passenger, when the pickup collided with another vehicle. Joyce Mayo sustained various injuries as a result of the accident and commenced a suit against her husband and the driver of the other vehicle.

National then brought a separate action for a declaratory judgment, naming the Mayos as defendants and seeking a determination that the Mayos' policy provided no coverage for the claims brought by Joyce Mayo against Clarence Mayo. The policy contained a household exclusion clause, by which National excluded coverage for bodily injury to any "insured person," a term that included Joyce Mayo as a named insured and as a spouse of a named insured living in the same household.[2] The parties filed cross-motions for summary judgment, and the district court granted summary judgment for National on all issues.[3] The court of appeals affirmed but held that it had no jurisdiction to consider the Mayos' challenge to the constitutionality of the statute authorizing the use of household exclusion clauses in automobile liability insurance policies. We granted certiorari to address that limited issue.

■ The Mayos attack the constitutional sufficiency of the household exclusion clause and the statute upon which it is based. They assert that the statutory authorization for household exclusion clauses found in section 10–4–418(2)(b), 4A C.R.S. (1987), creates classes of similarly situated persons who are treated differently for the purpose of insurance coverage for liability for bodily injury, and thereby violates the equal protection guarantees of the United States and Colorado Constitutions.[4] In particular, they assert that the statutory authorization significantly burdens their fundamental right to travel and invokes a standard of strict scrutiny. In their brief the Mayos state their position as follows:

Any interference with an injured victim's statutory right to compensation for injuries arising out of automobile accidents, such as created by the household exclusion in Mayos' policy, is a deprivation of the basic necessities of life with sufficient "impact" to constitute a violation of the fundamental right to travel and justify application of the strict scrutiny standard of review.

II.

The statute under attack, § 10–4–418(2)(b), provides:

---

has been declared unconstitutional." S.B. 92–165, 58th Gen. Assembly, 2d Reg.Sess. (1992).

**2.** In addition, the policy excluded coverage for bodily injury to a person living in the household of a named insured and related to a named insured by blood, marriage or adoption, including a ward or foster child. Although the named insured exclusion applicable to Joyce Mayo is not strictly a household exclusion clause, Joyce Mayo is also excluded from coverage as a spouse of Clarence Mayo living in the same household. The parties have treated the matter in the district court and here as presenting an issue of the validity of a household exclusion clause. We elect to consider the issue within the analytical framework adopted by the parties and direct our attention to the classifications created by the authorizing statute rather than the more detailed classifications contained in the policy.

**3.** The Mayos contended that the household exclusion clause was invalid or unenforceable by reason of waiver, estoppel, and violation of public policy. They also sought coverage in the alternative under an uninsured motorist provision in their insurance policy. The district court's rejection of these arguments, and the court of appeals' affirmance, are not before us for review.

**4.** Although the Colorado Constitution does not contain an explicit equal protection clause, equal treatment under the laws is a right constitutionally guaranteed to Colorado citizens under the due process clause of article II, section 25, of the Colorado Constitution. *E.g., Harris v. The Ark*, 810 P.2d 226, 229 n. 2 (Colo.1991); *Firelock Inc. v. District Court*, 776 P.2d 1090, 1097 (Colo.1989); *Heninger v. Charnes*, 200 Colo. 194, 197 n. 3, 613 P.2d 884, 886 n. 3 (1980); *see Trueblood v. Tinsley*, 148 Colo. 503, 509, 366 P.2d 655, 659 (1961); *People v. Max*, 70 Colo. 100, 114, 198 P. 150, 156 (1921).

The commissioner [of insurance] shall not find that a policy form, certificate, or contract of insurance or rider does not comply with the applicable requirements and standards of this title [10, Insurance] on the ground that it excludes coverage of claims made by a member of a household against another member of the same household. Such exclusions are in conformity with the public policy of this state.

This legislative enactment followed our decision in *Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585, 589–92 (Colo.1984), in which we invalidated the household exclusion clause contained in automobile insurance policies on public policy grounds. By adoption of section 10–4–418(2)(b), the General Assembly legislatively repealed the *Meyer* decision. *Schlessinger v. Schlessinger*, 796 P.2d 1385, 1389 (Colo.1990). Thus, section 10–4–418(2)(b) represents a considered legislative expression validating household exclusion clauses.

■■■■ The Mayos argue that section 10–4–418(2)(b) violates the equal protection clauses of the United States and Colorado Constitutions. U.S. Const. amend. XIV, § 1; Colo. Const. art. II, § 25. Equal protection of the laws requires the government to accord similar treatment to all persons who are similarly situated. *E.g., Bloomer v. Boulder County Bd. of Comm'rs*, 799 P.2d 942, 947 (Colo.1990); *Firelock Inc. v. District Court*, 776 P.2d 1090, 1097 (Colo.1989); *People v. Garberding*, 787 P.2d 154, 156 (Colo.1990). Thus, the equal protection guarantees apply only where there is state action, rather than private individual action. *E.g., Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349, 95 S.Ct. 449, 452–53, 42 L.Ed.2d 477 (1974); *see Denver Welfare Rights v. PUC*, 190 Colo. 329, 335–37, 547 P.2d 239, 243–45 (1976) (discusses requirement of state action to invoke due process protections). For the purposes of this case, we shall assume without deciding that state action exists because we believe that even if state action is present the equal protection challenge must fail.

■■■■ In equal protection cases, we employ a three-tiered standard of review. *Parrish v. Lamm*, 758 P.2d 1356, 1370 (Colo.1988). We will subject classifications that affect a suspect class or a fundamental right to strict scrutiny. *Id.* To survive strict scrutiny, the government must establish that the classification is necessarily related to a compelling state interest. *E.g., Tattered Cover, Inc. v. Tooley*, 696 P.2d 780, 786 (Colo.1985); *Parrish*, 758 P.2d at 1370; *Austin v. Litvak*, 682 P.2d 41, 49 (Colo.1984); *see Loving v. Virginia*, 388 U.S. 1, 11, 87 S.Ct. 1817, 1823, 18 L.Ed.2d 1010 (1967). Classifications based on gender, illegitimacy or alienage receive an intermediate level of scrutiny. *See Caban v. Mohammed*, 441 U.S. 380, 388, 99 S.Ct. 1760, 1765–66, 60 L.Ed.2d 297 (1979); *Parrish*, 758 P.2d at 1370; *Austin*, 682 P.2d at 49. This standard requires the government to establish that the classification is substantially related to achievement of an important governmental objective. *Craig v. Boren*, 429 U.S. 190, 197, 97 S.Ct. 451, 456–57, 50 L.Ed.2d 397 (1976); *Tassian v. People*, 731 P.2d 672, 674–75 (Colo.1987). All other classifications are subject to a rational basis test, the most deferential standard of judicial review. *E.g., Lyng v. International Union, United Auto., Aerospace, & Agric. Implement Workers*, 485 U.S. 360, 370, 108 S.Ct. 1184, 1192, 99 L.Ed.2d 380 (1988); *Parrish*, 758 P.2d at 1370. This standard requires that the statutory classification have a rational basis in fact and that it bear a reasonable relationship to a legitimate governmental objective. *E.g., Austin*, 682 P.2d at 49; *see Lyng*, 485 U.S. at 370, 108 S.Ct. at 1192. A presumption of constitutionality attaches to a statute analyzed under the rational basis standard, and the challenging party has the burden of establishing unconstitutionality beyond a reasonable doubt. *E.g., Tassian*, 731 P.2d at 675.

■■■■ We shall now examine the classifications created by section 10–4–418(2)(b). Section 10–4–418(2)(b), the statutory authorization for household exclusion clauses, creates two separate classifications of accident victims: those excluded from insurance benefits because they are members of

the same household as the insured against whom a claim is brought, and all other accident victims who assert a claim against the insured. It is the disparate treatment of these two classes of persons for insurance benefit purposes that provides the basis for the Mayos' equal protection challenge.

Section 10–4–418(2)(b) has survived a prior attack on equal protection grounds. *Allstate Ins. Co. v. Feghali,* 814 P.2d 863, 867 (Colo.1991). In *Feghali,* we considered a challenge to section 10–4–418(2)(b) by a husband and wife who were driving separate vehicles and were involved in a collision between the two vehicles. The parties in *Feghali* agreed that given the absence of a fundamental right or a suspect class, the rational basis test applied to the equal protection question. 814 P.2d at 866. As noted above, a statutory classification must have some rational basis in fact and be reasonably related to a legitimate government interest in order to satisfy the rational basis test. *E.g., Austin,* 682 P.2d at 49. We identified as the justifications for the household exclusion the prevention of collusive suits among family members, the avoidance of possible disruption of the family by litigation, and the containment of insurance costs to minimize the number of uninsured drivers. We stated:

> These justifications for permitting household exclusions are legitimate government objectives which the legislature reasonably may have pursued in enacting section 10–4–418(2)(b). Given these justifications, it is reasonable to distinguish between plaintiffs "related by blood, marriage, or adoption to an insured against whom claim is made if such person resides in the same household as such insured" [5] and plaintiffs who are unrelated or who do not reside in the same household. Thus, section 10–4–418(2)(b) does not violate the Feghalis' right to equal protection under either the Colorado or the United States Constitutions.

*Feghali,* 814 P.2d at 866–67 (footnote omitted). Thus, absent a showing that a fundamental right is implicated, *Feghali* controls and requires us to reject the Mayos' equal protection argument.

The question then becomes whether a fundamental right is implicated by the statutory provision. The United States Supreme Court has recognized that the right to travel throughout the United States, although not explicitly mentioned in the United States Constitution, is a fundamental right. *Dunn v. Blumstein,* 405 U.S. 330, 338–39, 92 S.Ct. 995, 1001–02, 31 L.Ed.2d 274 (1972); *United States v. Guest,* 383 U.S. 745, 758, 86 S.Ct. 1170, 1178, 16 L.Ed.2d 239 (1966). Thus, we must determine whether the right to travel encompasses a protection against household exclusion clauses in insurance policies. For the reasons that follow, we conclude that it does not.

A brief review of some major cases concerning the right to travel should illustrate the parameters of its protective reach. One group of these cases primarily concerns state action that directly inhibits interstate or intrastate travel. *E.g., Crandall v. Nevada,* 73 U.S. 35, 49, 18 L.Ed. 745 (1867) (invalidated law that taxed passengers transported for hire upon leaving Nevada); *Guest,* 383 U.S. at 757, 86 S.Ct. at 1177–78 (1966) (indictment alleging conspiracy to injure and intimidate citizens in use of highways adequately alleged conspiracy to violate a constitutional right, the right to travel). Other cases have involved an impact upon a basic necessity of life or an important right of citizenship based upon an individual's exercise of the right to travel. *Memorial Hospital v. Maricopa County,* 415 U.S. 250, 269, 94 S.Ct. 1076, 1087–88, 39 L.Ed.2d 306 (1974) (invalidated durational residency requirement for receipt of medical care by indigents); *Dunn,* 405 U.S. at 338–39, 92 S.Ct. at 1001–02 (invalidated one-year state residency requirement for exercise of right to vote); *Shapiro v. Thompson,* 394 U.S. 618, 629, 89 S.Ct. 1322, 1328–29, 22 L.Ed.2d 600 (1969) (invali-

---

**5.** The quoted phrase was the language of the household exclusion at issue in *Feghali.* 814 P.2d at 865 n. 1.

dated one-year state residency requirement for eligibility for welfare benefits); *Jeffrey v. Colorado State Dept. of Social Servs.*, 198 Colo. 265, 269, 599 P.2d 874, 877 (1979) (invalidated thirty-five-year continuous residency requirement for pension benefits).

The Mayos rely on the case of *Macias v. Department of Labor and Industries*, 100 Wash.2d 263, 668 P.2d 1278 (1983), to support their argument that the statute and the household exclusion clause infringe upon their fundamental right to travel. In *Macias*, the Supreme Court of Washington considered an equal protection challenge to a statute that excluded migrant workers from workers' compensation coverage unless a worker earned at least $150 in a single calendar year from the employer in whose employ the worker suffered injury. 668 P.2d at 1279. In striking down the statute, the court found that the benefits amounted to a basic necessity of life for the financially insecure workers, analogous to medical care, *see Memorial Hospital*, 415 U.S. at 259, 94 S.Ct. at 1082–83, or welfare benefits, *see Shapiro*, 394 U.S. at 629, 89 S.Ct. at 1328–29. *Macias*, 668 P.2d at 1284–85.

We do not find the rationale of *Macias* applicable to the facts of this case. The Mayos do not challenge a denial of medical care, welfare benefits, or similar basic necessities. *See Abbott v. General Accident Group*, 39 Wash.App. 263, 693 P.2d 130, 135 (1985). Nor do the Mayos fall into a class of financially insecure individuals who lack access to state-provided resources.[6] In a more factually analogous case, the Washington Court of Appeals found that an automobile insurance policy provision excluding coverage for vehicles provided for "regular use" passed constitutional muster. *Abbott*, 693 P.2d at 135. The policy exclusion precluded liability for bodily injury sustained by the insured when operating a vehicle available for the insured's regular use but not insured for liability coverage under the policy. An individual was injured by an uninsured motorist while driving a vehicle furnished for his use by his employer and claimed that the "regular use" exclusion impinged upon a basic necessity of life: uninsured motorist compensation benefits. The court rejected his argument, and observed that insureds

can negotiate with their insurers to delete the regular use exclusion from their policies. Furthermore, the exclusion does not endanger life or health, nor does it interfere with any "right" to earn a living. Consequently, we hold [the statute authorizing regular use exclusions] does not affect a fundamental right and is therefore not subject to the strict scrutiny test.

*Id.* The court then went on to hold that the statute passed muster under the rational basis test.

In the present case, neither the statute nor the household exclusion clause adversely affects the fundamental right to travel in a constitutionally significant sense. The Mayos are unlike the *Macias* workers, who were essentially penalized for the migratory nature of their occupation. The Mayos can travel both interstate and intrastate without limitation. At most, the household exclusion clause denies the Mayos insurance coverage for claims against each other when they drive their cars. Thus, it may inhibit their decisions to travel together by automobile, but imposes no constraint on separate travel by automobile or joint or separate travel by other means. We have held that the right to drive an automobile upon state highways does not enjoy the status of a fundamental right. *People v. Peterson*, 734 P.2d 118, 122 (Colo.1987); *Crocker v. Colorado Dept. of Revenue*, 652 P.2d 1067, 1072 (Colo.1982); *Heninger v. Charnes*, 200 Colo. 194, 198, 613 P.2d 884, 887 (1980). The mere assertion that automobile insurance is a basic necessity of life does not invoke the right to travel protections. To the extent that the household exclusion clause denies the Mayos a

**6.** The Mayos acknowledge that Joyce Mayo would be entitled to personal income protection benefits under National's liability policy. *See generally* § 10–4–706(1)(b), (c), (d), 4A C.R.S. (1987 & 1991 Supp.). They also acknowledge that Joyce Mayo is not precluded from maintaining a negligence action against Clarence Mayo.

certain type of automobile insurance coverage, the clause does so in a fashion that does not affect their access to basic necessities and does not impermissibly inhibit their right to travel within and between states.

For the foregoing reasons, we affirm summary judgment in favor of National. The statute in question merely permits insurance companies to decline to offer liability coverage for claims brought by one member of a household against another. It does not unconstitutionally burden the Mayos' fundamental right to travel. Therefore, our analysis is controlled by *Feghali*, 814 P.2d 863, in which we applied a rational basis test and rejected an equal protection challenge to section 10–4–418(2)(b).

Judgment affirmed.