Trent M. DOTSON, Plaintiff–Appellant,

v.

The Estate of Robert E. PEARSON, Deceased, and Farmers Insurance Exchange, Defendants–Appellees.

No. 93CA1698.

Colorado Court of Appeals, Div. II.

Dec. 1, 1994.

As Modified on Denial of Rehearing Jan. 19, 1995.*

Certiorari Granted Aug. 21, 1995.

Michael R. Bromley, P.C., Michael R. Bromley, Colorado Springs, for plaintiff-appellant.

No appearance for defendant-appellee Estate of Robert E. Pearson, Deceased.

Donald J. Banner, P.C., Dale R. Enck, Pueblo, for defendant-appellee Farmers Ins. Exchange.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, amicus curiae for the Colorado Trial Lawyers Ass'n.

Opinion by Judge ROY.

Plaintiff, Trent M. Dotson, appeals the trial court's summary judgment entered in favor of defendant, Farmers Insurance Exchange (Farmers). The trial court held that an exclusion from liability coverage for bodily injury caused to any named insured was valid under the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S. (1994 Repl.Vol. 4A) (No–Fault Act). We reverse.

Farmers issued an automobile insurance policy to Robert E. Pearson and Rhonda Dotson, plaintiff's wife, both of whom were "named insureds." The named insureds were not related by blood, marriage, or adoption. The issue of whether they were members of the same household has not been raised and is not before us. Under the liabil-

---

* Plank, J., would grant.

ity coverage provided by the policy, Farmers promised to pay damages for which any insured person was legally liable because of bodily injury to any person arising out of the use of a private passenger car.

Both Pearson, the driver, and Rhonda Dotson, the passenger, were killed in a one-car accident. Pearson was found liable for the accident, and judgment was entered in favor of the plaintiff in the amount of $300,000.

The policy stated, as a bodily injury exclusion, "Liability for *bodily injury* to an *Insured person.*" (emphasis in original) As pertinent here, the policy defines: (1) "Insured person" as "You or any *family member*"; (2) "you" as the "named insured"; and (3) "family member" as "a person related to you by blood, marriage or adoption who is a resident of your household." (emphasis in original) It is this exclusion which is at the center of this controversy.

■ This presents the issue, for the first time, whether there is a distinction between the "named insured exclusion" or "insured exclusion" and the "household exclusion." In our view, there is such a distinction and the "named insured exclusion" was invalidated in *Meyer v. State Farm Mutual Automobile Insurance Co.,* 689 P.2d 585 (Colo.1984) and the events subsequent to *Meyer* have not resurrected it.

*Meyer, supra,* was a consolidated appeal of three cases, one being a certiorari review of *State Farm Mutual Automobile Insurance Co. v. Meyer,* 647 P.2d 683 (Colo.App.1982), and two appeals of district court rulings in *Farmers Insurance Exchange v. Aguirre* and *Adcock v. State Farm Mutual Automobile Insurance Co.* In all three cases, the insurance policy excluded from bodily injury coverages any insured, or named insured, and any member of the insured's family residing in the same household as the insured. The State Farm language, which was typical, provided that bodily injury coverage does not apply to: "[A]ny *insured or* any member of the family of an *insured residing* in the same *household* as the *insured.*" *Meyer v. State Farm Mutual Automobile Insurance Co., supra,* at 587 (emphasis added for "or" only). Here, the "named insured" exclusion is separately stated.

Meyer sued her adult son with whom she lived for injuries sustained while she was a passenger in an automobile owned, driven, and insured by her son. Meyer was a member of her son's family and household but was not an insured or named insured.

Aguirre sued her husband with whom she lived for injuries sustained while she was a passenger in an automobile owned and driven by her husband but insured in her name and that of her husband. Thus, she was a member of her husband's family and household *and was also a named insured.*

Adcock was a passenger in an automobile she owned and insured but which was driven with her consent by another who was neither a member of her family or household nor a named insured. Adcock sought bodily injury coverage under her insurance policy. The facts of Adcock's claim are closest to those presented here, the primary distinction being that here both the driver and the passenger were named insureds.

Despite the different circumstances of the three cases, the supreme court consolidated them for purpose of appeal, treated them collectively, and, as pertinent here, applied the identical analysis to all three. The supreme court invalidated all three "household exclusions," and reversed and remanded the matters for further proceedings consistent with its opinion.

Despite the fact that the "insured exclusion" and "named insured exclusions" are arguably separate exclusions, the supreme court considered them together and referred to them collectively as the "household exclusion." Treated separately, the invalidated "household exclusion" would not have resulted in coverage for Adcock or Aguirre as the "named insured exclusion" would have independently excluded both parties.

The rationale of *Meyer* was that the collective "household exclusion" was contrary to the public policy of Colorado as established in the No–Fault Act. The court determined that the public policy established by the No–Fault Act was to assure compensation for motor vehicle accident victims and require liability coverages subject to very limited and

specified exclusions. The *Meyer* court held that the collective "household exclusion," which was not specifically authorized by statute, would render drivers uninsured with respect to a class of persons entitled to sue them and, thus, was void as contrary to public policy.

Subsequent to *Meyer*, in 1986, the General Assembly amended the No–Fault Act by adopting § 10–4–418(2)(b), C.R.S. (1994 Repl. Vol. 4A) to provide that an insurance policy which excludes coverage of "claims made by a member of a household against another member of the same household" is in conformity with the public policy of the State of Colorado.

Thereafter, in *Schlessinger v. Schlessinger*, 796 P.2d 1385 (Colo.1990), the supreme court, in dicta, stated that the General Assembly had "repealed" *Meyer* by the adoption of § 10–4–418(2)(b), which it took as a clear signal that its interpretation of the intent of the General Assembly in adopting the No–Fault Act was inaccurate. Based on that analysis, the court concluded that the No–Fault Act did not abrogate the doctrine of parental immunity.

Then, in *Allstate Insurance Co. v. Feghali*, 814 P.2d 863 (Colo.1991), a wife sued her husband for injuries sustained when separate vehicles they were operating collided. The parties were living together in the same household and were both named insureds in policies covering each of the vehicles. The insurer refused to provide husband with a defense, disclaimed liability on the basis of a "household exclusion," and commenced a declaratory judgment action. The supreme court affirmed a summary judgment in favor of Allstate reiterating its conclusion that the General Assembly "repealed" *Meyer* and that the dicta in *Schlessinger* was controlling.

Most recently, in *Coffman v. State Farm Mutual Automobile Insurance Co.*, 884 P.2d 275 (Colo.1994), the supreme court dealt with the issue of whether the legislative action "repealing" *Meyer* should be given retroactive application because in *Schlessinger* and *Feghali* it had implied, or State Farm had inferred, that the rationale of *Meyer* as well as its holding had been set aside by the General Assembly. The supreme court made

it clear in *Coffman* that the rationale of *Meyer* was alive and well and then invalidated a "household exclusion" clause included in a policy issued after the *Meyer* decision but prior to the adoption of the 1986 legislation validating "household exclusions."

▪ Thus, in our view, the "named exclusion" or "insured exclusion" and the "household exclusion" are separate exclusions which were treated collectively and invalidated in *Meyer*. We further conclude that the public policy announced by the General Assembly in the No–Fault Act, which formed the rationale of *Meyer*, has not changed. The General Assembly's use of the narrow phrase "claims made by a member of a household against another member of the same household" in adopting § 10–4–418(2)(b) evidences a clear intent to permit the separate "household exclusion" but does not redeem the separate "named insured exclusion," or "insured exclusion."

We recognize one cannot bring suit against oneself for injuries caused by one's own negligence. An insurance policy may, but probably need not, exclude from its coverages such an eventuality. However, the exclusion at issue here is broader, and, to that extent, it is contrary to public policy.

In another case announced today, *Brna v. Farmers Insurance Exchange*, 897 P.2d 851 (Colo.App.1994), the named insured was injured while a passenger in her vehicle that was being driven by a permissive driver who was, therefore, provided coverage under the named insured's policy. Our disposition is consistent with that reached in *Brna*.

Therefore, the judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

HUME, J., concurs.

PLANK, J., dissents.

Judge PLANK, dissenting.

I respectfully dissent.

## I.

Plaintiff argues that Farmers, despite the exclusion for named insureds in the insur-

ance policy issued to Pearson and Rhonda Dotson, has obligated itself to pay the $300,000 judgment entered against Pearson for the plaintiff's damages.

Whether named insured exclusions from liability coverage are valid is an issue of first impression in Colorado. However, numerous other jurisdictions have generally held that, in the absence of a statutory provision forbidding them, named insured exclusions are valid. *See* Annot., 46 A.L.R.3d 1061 (1972). After examining the language of the insurance policy at issue here, and applying the reasoning of similar Colorado cases, I cannot say that such a widely accepted exclusion is against public policy. Therefore, I would conclude that exclusions from liability coverage for injuries to named insureds are valid in Colorado.

Under the policy, Farmers promised to "pay damages for which any insured person is legally liable because of bodily injury to any person ... arising out of the ... use of a private passenger car." The policy contained an exclusion for "[l]iability for bodily injury to an insured person." Since Rhonda Dotson was a named insured on the insurance policy, Farmers' position is that damages resulting from her death are excluded from the liability provisions of the policy.

Plaintiff argues that the only exclusions from liability coverage permitted by the Act are exclusions for members of the insured's family who are living in the same household as the insured. He asserts that because there is no provision of the No–Fault Act which explicitly permits named insured exclusions, we should adopt the reasoning of the Supreme Court in *Meyer v. State Farm Mutual Automobile Insurance Co.*, 689 P.2d 585 (Colo.1984), and hold that clauses in automobile insurance policies which exclude the named insured from liability coverage are invalid.

I differ with the majority on its interpretation of *Meyer*. The majority concludes that *Meyer* invalidated both named insured and household exclusions. As I read it, *Meyer* dealt specifically with household exclusion clauses in automobile insurance policies which operated to exclude members of the insured's family and household from liability

coverage under the policy. The *Meyer* court concluded that such exclusions were invalid; they were neither authorized by statute nor in harmony with the legislative purpose of mandating liability insurance to avoid inadequate compensation to victims of automobile accidents. Immediately following the announcement of this decision, the General Assembly enacted legislation which effectively repealed the Court's ruling. *See* § 10–4–418(2)(b), C.R.S. (1994 Repl.Vol. 4A).

Furthermore, in *Mayo v. National Farmers Union Property & Casualty Co.*, 833 P.2d 54 (Colo.1992), the Supreme Court implicitly *approved* named insured exclusions.

In *Mayo*, plaintiffs challenged § 10–4–418(2)(b) on constitutional right to travel grounds. The liability policy at issue contained an exclusion clause which excluded coverage for bodily injury to any "insured person," which included members of the insured's family and household. The plaintiff was excluded from coverage as both a named insured and spouse of a named insured. In denying relief, the court held that exclusions which deny insureds coverage for claims against each other were constitutional.

Although the court limited itself to determining the constitutionality of household exclusion clauses, it did note that "the named insured exclusion applicable to [plaintiff] is not strictly a household exclusion clause." *Mayo, supra*, 833 P.2d at 56 (fn. 2). Further, the court did not rewrite the exclusion to apply only to members of the insured's household, an exclusion which is expressly permitted by § 10–4–418(2)(b), but rather upheld the exclusion as written.

On the basis of the *Meyer* and *Mayo* opinions, I cannot conclude that named insured exclusions are void as against public policy in Colorado.

II.

Plaintiff further argues that because the language of the insurance policy promises that Farmers will provide liability coverage for damages to *any* person who is injured by the use of the insured automobile, Farmers should be required to pay the judgment

against Pearson in favor of the plaintiff. However, liability insurance, by definition, is for liability to others for their injuries, and not for personal damages sustained by the insured. 12 G. Couch, *Cyclopedia of Insurance Law* § 45:483 (2d ed. 1981); *see also Black's Law Dictionary* 824 (5th ed. 1979) (Liability insurance is "[t]hat type of insurance protection which indemnifies one from liability to third persons as contrasted with insurance coverage for losses sustained by the insured."). As such, it is not improper for Farmers to exclude named insureds from liability coverage.

An automobile policy is not a personal accident policy. Plaintiff appears to be asking this court to convert a liability policy into one that pays death benefits for the death of a named insured. I decline to do so, and thus, I would affirm the judgment of the trial court.